IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                               No. 19-cr-3595-KWR

ANGELITA BENALLY,

    Defendant.

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT[1]

Defendant Angelita Benally, by and through her counsel of record, Assistant Federal Public Defender Emily P. Carey, submits the following objections to the Presentence Report (PSR) (Doc. 34). In addition to a number of requested amendments/corrections to the PSR, Ms. Benally objects to the restitution amount assessed for R.G. in Paragraphs 21 and 83 of the PSR. Ms. Benally also objects to an Order of Restitution against her for any amount in regards to J.G. and therefore objects to PSR Paragraphs 22, 23, and 83.

## BACKGROUND

On October 21, 2019, Ms. Benally pleaded not guilty to an indictment charging her with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, and one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113. (*See* Redacted Indictment, Doc. 2). On February 21, 2020, Ms. Benally pleaded guilty to Count 1 of the indictment charging involuntary manslaughter. (*See* Plea Agreement, Doc. 27). As part of the plea agreement, the United States agreed to move to dismiss Count 2 of the Indictment. (Doc. 27, ¶ 18). The parties also agreed that as part of Ms. Benally's sentence, the Court would enter an order of

---

[1] On April 28, 2020, Defendant submitted informal PSR objections to U.S. Probation and Pretrial Services. As of the filing of these formal objections, Defendant has not received a response nor has an amended PSR been filed.

restitution under the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A. (Doc. 27, ¶ 16).

On April 17, 2020, the United States Probation and Pretrial Services Office disclosed the PSR. The PSR recommends the Court enter an Order of Restitution against Ms. Benally for $779.70 owed to L.C.'s mother, R.G. (PSR ¶¶ 21, 83). Probation notes that this amount reflects travel expenses for three roundtrips by car from Chinle, Arizona to Albuquerque, New Mexico (460 miles each roundtrip at $0.565 per mile). (PSR ¶ 21). Two of these trips were to attend court hearings, and one was to "collect [L.C.'s] belongings from the apartment he shared with Benally." (PSR ¶ 21). Ms. Benally objects to an Order of Restitution against her that includes the travel expenses incurred by R.G. to collect items from Ms. Benally and L.C.'s apartment. She does not object to inclusion of the calculated travel expenses for R.G.'s attendance at the two court hearings. The PSR also recommends that the Court enter an Order of Restitution against Ms. Benally for an as of yet unspecified amount for medical services and property loss owed to J.G. (PSR ¶¶ 22, 23, 83). Ms. Benally objects to an Order of Restitution against her in any amount as to J.G. because J.G. is not a victim of the offense of conviction under the statute.

## ARGUMENT

Courts lack inherent power to order restitution and may only do so as authorized by statute. *United States v. Gordon,* 480 F.3d 1205, 1210 (10th Cir. 2007). The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, "requires district courts to order defendants convicted of certain crimes to make restitution to the victim of the offense." *United States v. Mendenhall,* 945 F.3d 1264, 1267 (10th Cir. 2019). A conviction for involuntary manslaughter under 18 U.S.C. §§ 1153 and 1112 is not generally a qualifying offense under the MVRA and typically restitution in this case would only be authorized under the Victim and Witness Protection Act, 18 U.S.C. § 3663. *See United States v. Harwood,* 854 F. Supp. 2d 1035, 1057 (D. N.M. 2012) (affirming that

involuntary manslaughter is not a crime of violence and as such the MVRA would not ordinarily apply to defendants convicted of involuntary manslaughter). However, the MVRA provides that, in "the case of a plea agreement that does not result in a conviction for an offense" described in 18 U.S.C. § 3663A(c)(1)(i)-(iii), the MVRA "shall only apply if the plea specifically states that an offense listed…gave rise to the plea agreement." *See* 18 U.S.C. § 3663A(c)(2). The parties agreed that the MVRA would apply to Ms. Benally's offense of conviction under this provision. (*See* Plea Agreement, Doc. 27, ¶ 16). Ms. Benally does not dispute that restitution may be owed to R.G. as a "victim of the offense" for allowable expenses under the statute, but disputes the PSR's recommendation for restitution to cover travel unrelated to the investigation or prosecution of the offense.  Ms. Benally further submits that an Order of Restitution for any losses that J.G. may seek to claim is not authorized by statute.

### A. The MVRA Does Not Authorize Restitution to Reimburse Travel to Obtain a Victim's Belongings

The PSR recommends an Order of Restitution for $779.70 owed to L.C.'s mother R.G. to cover travel expenses related to attendance at two hearings in Albuquerque as well as for a third trip to Albuquerque to collect items from the apartment L.C. shared with Ms. Benally. (PSR ¶¶ 20, 21, 83). A court may order restitution to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during the participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).  In *Lagos v. United States,* 138 S.Ct. 1684, 1689 (2018), the U.S. Supreme Court adopted  a narrow interpretation of this provision, recognizing that its narrow interpretation might leave a victim without a restitution remedy for certain expenses, but finding that this was consistent with the MVRA's specific enumeration of limited categories of covered expenses.

In this case, Ms. Benally does not object to an Order of Restitution to cover travel expenses

3

for R.G.'s attendance at two hearings related to these proceedings. However, Ms. Benally objects to an Order of Restitution that includes the cost of roundtrip travel from Chinle, Arizona to Albuquerque, New Mexico to remove L.C.'s belongings from L.C. and Ms. Benally's apartment. Ms. Benally advises that L.C.'s family went to the couple's shared apartment while she was still in the hospital and removed everything, to include furniture, kitchenware, and electronics that Ms. Benally had purchased on her own. All that remained were Ms. Benally's clothes. Under any interpretation of 18 U.S.C. § 3663A(a)(4), let alone the Supreme Court's recent affirmation of a narrow interpretation, collecting items from the couple's apartment is not an expense "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." The adjusted covered travel expenses should be $519.80.

## B. An Order of Restitution Against Ms. Benally for Reimbursement of Certain Expenses Sought by J.G. is Not Authorized by Statute

The MVRA directs the district court to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). "Victim" for purposes of the MVRA is defined as:

> [A] person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

*See* 18 U.S.C. § 3663A(a)(2). In the case of a victim who is deceased, as here, "the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights[.]" *Id*. The MVRA refers to restitution to the victim of "the offense," and this language has consistently been interpreted to refer to the specific conduct of the offense of conviction. *United States v. Frith,* 461 F.3d 914, 920 (7th Cir. 2006); *see also Gordon,* 480 F.3d at 1211 (explaining that the MVRA "did not change the general rule that restitution may only be ordered for losses caused by the offense of

4

conviction"). "Restitution must be based on the offense of conviction, not relevant conduct[.]" *Frith,* 461 F.3d at 916 (cited with approval in *Mendenhall,* 945 F.3d at 1269); *see also United States v. Ward,* 182 F. App'x 779, 802 (10th Cir. 2006) (recognizing that while the district court may rely on uncharged conduct in calculating a defendant's sentence, such uncharged conduct cannot form the basis for an order of restitution); *Hughey v. United States,* 495 U.S. 411, 415-20 (1990) (holding that a restitution award is authorized only for the loss caused by the specific conduct of the offense of conviction and abrogating the Tenth Circuit's holding in *United States v. Duncan,* 870 F.2d 1532 (10th Cir. 1989) permitting restitution for losses associated with additional counts of an indictment for which a defendant had not been convicted because they "had a significant connection to the act for which conviction was had").

There are only two instances where the MVRA authorizes restitution to someone other than the specific victim of the offense of conviction. *Gordon,* 480 F.3d at 1211. The first instance is where the criminal conduct "involves as an element a scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A(a)(2). In this case, Ms. Benally's involuntary manslaughter conviction does not contain as an element "a scheme, conspiracy, or pattern of criminal activity." The MVRA also authorizes restitution "to persons other than the victim of the offense," "if agreed to by the parties in a plea agreement." 18 U.S.C. § 3663A(a)(3). Ms. Benally did not consent as part of her plea agreement to pay restitution to other persons. There is a specific identifiable victim of Mr. Benally's offense of conviction as stated in Count 1 of the Indictment to which Ms. Benally pleaded. Because the victim L.C. is deceased, the provisions under § 3663A(a)(2) provide that L.C.'s family member may assume L.C.'s rights. In this case, L.C.'s mother R.G. has assumed this role.

Additionally, the Tenth Circuit recently considered the appropriate scope of an order of

restitution under the MVRA. In *Mendenhall,* the defendant was convicted of possessing three stolen firearms. 945 F.3d at 1266. Each firearm was stolen from H&H Pawn Gun & Tool. *Id.* These firearms were recovered and returned to H&H. Additional evidence suggested that the defendant was involved in the burglary of H&H; indeed, the defense conceded the record supported a finding he was involved. *Id.* However, the defendant challenged the order of restitution directing he pay "$33,763.23 for 'the loss of firearms not recovered, wages for employees to conduct inventory, loss of revenue for closing of business (historical average of Saturdays and Mondays), and cleanup/repairs.'" *Id.*

The Court held that Congress has authorized restitution only for the specific conduct that is the basis of the offense of conviction. *Id.* at 1267. The Court reviewed the elements of the offense of conviction to determine whether the loss cited as the basis for the restitution order were directly attributable to those elements and concluded they were not. *Id.* at 1268. "The three firearms listed in the indictment were recovered and returned. Accordingly, possessing them did not cause 'the loss of firearms not recovered.' The remaining losses arise from the burglary of H&H, not from Mendenhall's possession, receipt, or concealment of the stolen firearms." *Id*. Thus, the district court exceeded the range of restitution authorized by 18 U.S.C. § 3663A when it ordered Mendenhall to pay for losses related to, but not arising directly from his offense of conviction. *Id.* In reaching its decision*,* the Tenth Circuit noted that there are tradeoffs to "prosecutorial decisions," and that while "[e]xacting a guilty plea to a lesser number of charged crimes than the possible maximum undoubtedly limits victims' recovery, ( ) it also ensures restitution for those crimes to which the defendant pleads guilty." *Id.* at 1269.

In this case, Ms. Benally pleaded guilty and was convicted of involuntary manslaughter for the death of L.C. in violation of 18 U.S.C. §§ 1153 and 1112. The relevant elements of involuntary

6

manslaughter are: (1) the defendant caused the death of the victim named in the indictment; (2) the victim was killed while the defendant was committing an unlawful act not amounting to a felony, a lawful act in an unlawful manner, which act might produce death, or a lawful act without due caution and circumspection, which act might produce death; (3) the incident took place within Indian Country; and (4) the defendant is an Indian; (5) the victim is an Indian. *See* 10th Cir. Pattern Jury Instr. – Crim. 2.54.1 (2018); *see also* Plea Agreement Doc. 27, ¶ 6. These specific elements and the indictment narrowly identify both conduct and victim. None of the elements of involuntary manslaughter directly caused the losses cited as the basis for the recommendation of a restitution order pertaining to J.G. Ms. Benally was not convicted of aggravated assault with serious bodily injury, and it is outside the rule of *Mendenhall* to order her to pay restitution for J.G.'s medical bills and any damage to J.G.'s vehicle and property. *See Mendenhall,* 945 F.3d at 1269 ("Restitution must be based on the offense of conviction, not relevant conduct." (quoting *Frith,* 461 F.3d at 914)). Accordingly, Ms. Benally respectfully requests that the Court sustain her objection to an Order of Restitution as to J.G.

### C. Corrections/Amendments to the PSR

In addition to the substantive objections addressed above, Ms. Benally has a number of relatively minor objections that she details as follows:

1. Correction to Education under Identifying Data on Page 2:  Ms. Benally advises that in addition to her high school diploma, she has obtained college credit at Northland Pioneer College as well as the Southwestern Indian Polytechnic Institute.

2. Amendment to Paragraph 16: Ms. Benally would like to add that the witness referenced in Paragraph 16 maintained that she believed that the red vehicle (Ms. Benally's vehicle) was driving in front of her heading eastbound on I-40 when the accident occurred. Ms. Benally would

also like to clarify that she was still residing at the skilled nursing facility and receiving medical treatment when the U.S. Marshals arrested her.

3. Clarification to Paragraph 19: Ms. Benally would like to clarify that, as discussed above, typically the provisions of the MVRA would not apply to the offense because it is not a crime of violence.  However, per the parties' plea agreement, the parties agreed that although the plea agreement does not result in a conviction for an offense described in 18 U.S.C. § 3663A(c)(1), an offense in that section gave rise to the plea agreement. *See* 18 U.S.C. § 3663A(c)(2) and PSR ¶ 8.

4. Clarification to Paragraph 20: Ms. Benally would like to clarify that because L.C. was not often steadily employed, Ms. Benally paid for most of the couple's living expenses. The couple shared a bank account. She advises that when R.G. requested financial assistance, L.C. and Ms. Benally would sit down and make a decision together about how much they could afford to send to R.G. from the couple's joint bank account.

5. Correction to Paragraph 48: Ms. Benally clarifies that the house is a three-bedroom rather than a five-bedroom home.

6. Objection to Paragraph 54: Ms. Benally objects to the statement in Paragraph 54 that, "she would often consume alcohol in lieu of prescribed medication." She indicates that she has not consumed alcohol in lieu of taking medication.

7. Amendment to Paragraph 63: Ms. Benally began working for the Ramada Inn in Albuquerque in March 2020 as a housekeeper.  The hotel was willing to accommodate her medical restrictions. However, because of the coronavirus, the number of guests utilizing hotel services has decreased as has the hotel's need for housekeepers.  As such, Ms. Benally is currently only working two days a week.

WHEREFORE, for the foregoing reasons, Ms. Benally respectfully requests that the Court sustain her objections as argued herein, and for other such relief as the Court may deem just and proper.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


*Electronically filed May 8, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Frederick Mendenhall III, Assistant United States Attorney.

*Electronically filed May 8, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender