IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Cr. No. 19-3595 KR |
| ) | |
| **ANGELITA BENALLY**,   ) | |
| ) | |
| Defendant.   ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

The United States responds to Defendant's Objections to the Presentence Report. Doc. 37 ("Objections"). In this case, Benally drove drunk and crashed into another vehicle on I-40 killing a passenger in her vehicle and harming the other driver ("John Doe"). Despite crashing into his vehicle, she argues John Doe is not entitled to restitution. Objections at 4-7. She is mistaken, however, because restitution is owed to every person "directly and proximately harmed as a result" of the offense. 18 U.S.C. § 3663A. The scope of the offense is bounded by "the conduct underlying the offense of conviction." Hughey v. United States, 495 U.S. 411, 420 (1990). The conduct needed to prove involuntary manslaughter, and admitted to in Benally's plea agreement, is that she drove drunk and crashed into another vehicle. Mandatory restitution is owed, accordingly, to everyone "directly and proximately harmed as a result" of that car crash. There is no question that the car crash directly and proximately caused damage to John Doe's vehicle and his injuries. Therefore, John Doe is a victim and is entitled to restitution.[1]

---

[1] Benally also argues the mother of the deceased passenger ("L.C.") is not entitled to restitution for the costs of collecting L.C.'s belongings from the apartment L.C. and Benally

**FACTUAL BACKGROUND**

On February 21, 2020, Benally pled guilty to one count of involuntary manslaughter. Doc. 27 ¶ 3, at 2 ("Plea"). As part of that Plea, she admitted under oath that on March 9, 2019, she had been driving on Interstate 40 and "crashed [her] car into another vehicle," which killed a passenger in her vehicle. Plea ¶ 7, at 4. She admitted that she learned she had told officers she had been drinking and that her blood alcohol level was measured at .226 within two hours of that crash. Id. As part of that plea, the United States agreed to dismiss count 2 of that indictment after sentencing. Plea ¶ 18, at 8. Count 2 involved the same conduct, but dealt with the driver — John Doe — of the other vehicle. Despite this agreement to dismiss, the parties also agreed in the Plea that the "Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A" ("MVRA"). Plea ¶ 16, at 7.

**ARGUMENT**

**I.  John Doe is a victim under the MVRA because the conduct underlying Benally's offense caused his injuries.**

John Doe is entitled to restitution under the MVRA, because Benally's admitted-to conduct — drunk driving and crashing into another vehicle — caused the harm he sustained. Under the MVRA, victims are not just the individuals alleged in the indictment or the individuals mentioned in the plea language, but any person who is "harmed as a result of the defendant's offense." United States v. Speakman, 594 F.3d 1165, 1170 (10th Cir. 2010); 18 U.S.C. § 3663A(b)("[V]ictim means a person directly and proximately harmed as a result of the commission of an offense.")[2]; see

---

shared. Objections at 2-3. The United States does not contest that objection.
     Benally also argues for several factual corrections to the PSR. Objections at 7-8. As to corrections 1, 4, 5, 6, and 7 the United States has no information confirming or denying that information. It takes no position as to those corrections. The United States does not object to Corrections 2 and 3.

[2]There is a second way, not argued here, that a person can be victim under the MVRA.

United States v. Rand, 403 F.3d 489, 494 (7th Cir. 2005)("Thus, while *conduct* underlying a restitution order must be specifically articulated in the charge or a plea agreement, specific victims need not be.")(emphasis in original).  What harm is "a result of" the defendant's offense follows the familiar two-pronged causation approach from torts; the defendant's conduct must both be the but-for and the proximate cause of the person's harm.  Speakman, 594 F.3d at 1171 ("[T]he government must show both that the defendant's conduct is the 'but-for' cause of the individual's harm and that the defendant 'proximately' caused the harm.").  "[R]estitution as authorized by the statute is intended to compensate victims only for the losses caused by the conduct underlying the offense of conviction."  Hughey v. United States, 495 U.S. 411, 420 (1990); United States v. Mendenhall, 945 F.3d 1264, 1267 (10th Cir. 2019)(Noting that Hughey's holding applies to "restitution orders under 18 U.S.C. § 3663A").

In short, the legal test for MVRA restitution boils down to this: An individual is entitled to mandatory restitution as a victim under the MVRA if the conduct underlying the offense of the defendant's conviction caused the loss that individual sustained.  To determine the "conduct underlying the offense" courts look to the elements of the case and the facts as pled to in the plea agreement.  Speakman, 594 F.3d at 1166 (Considering, in an MVRA case, "[t]he following facts" as "stipulated to in the plea agreement"); see Rand, 403 F.3d at 494 ("[C]onduct underlying a restitution order must be specifically articulated in the charge or a plea agreement.")(emphasis removed); United States v. Matthew, 916 F.3d 510, 517 (5th Cir. 2019)(looking, in a MVRA case,

---

That is, if a "scheme, conspiracy, or pattern of criminal activity is an element of the crime at issue," any person "directly harmed by the defendant's criminal conduct in the course of the scheme conspiracy, or pattern of criminal activity" is a victim.  United States v. Wells, 873 F.3d 1241, 1266 (10th Cir. 2017); 18 U.S.C. § § 3663A(b).  The difference between the two definitions of victim turns on the causation requirement; if there is a scheme, conspiracy, or pattern, the United States need only show direct harm, not both proximate and direct harm.

3

to the "factual resume that accompanied [a defendant's] guilty plea" to determine the conduct underlying the offense of conviction); United States v. Freeman, 741 F.3d 426, 428, 438 (4th Cir. 2014)(Analyzing the "Statement of Facts" incorporated in a plea agreement, to determine the "specific conduct" underlying the offense of conviction for restitution).

Here, the underlying conduct of the offense as stipulated in the plea agreement is that Benally drove drunk and crashed "into another vehicle." Plea ¶ 7, at 4. The driver of that other vehicle, thus, is a victim and entitled to restitution under the MVRA if Benally's drunk driving and crash into that vehicle was the but-for and proximate cause of that driver's losses.

Both causation prongs are met. But-for cause is satisfied, because without the car accident John Doe would not have any injuries nor would his car have been totaled. Doc. 34 ¶¶ 13, 22, at 5. Proximate cause is also met, because it is reasonably foreseeable that drunk driving can cause injuries and vehicle damage, both of which John Doe sustained. See United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir. 1996)("Drunk driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well known."); LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment and Dependent Life Ins. Plan, 605 F.3d 789, 819-20 (10th Cir. 2016)(Briscoe, J., concurring); Wells, 873 F.3d at 1267 ("[A]nswering th[e proximate cause] question generally entails an inquiry into the foreseeability of the harm.").[3]

Benally's arguments that John Doe is not entitled to restitution are unavailing and mistake the legal test. First, to the extent she suggests that a victim under the MVRA is only the person stated in the count of the indictment to which the defendant pled, Objections at 5 ("[t]here is a specific identifiable victim . . . as stated in Count 1 of the indictment"), that ignores the MVRA's

---

[3]There is no suggestion of "intervening causes" breaking the chain of causation for John Doe's injuries. See Wells, 873 F.3d at 1267-68.

text and supporting caselaw.  In defining "victim," the MVRA says nothing about required victim identification in an indictment or even a plea; rather "victim means a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2).  The test is one of causation not one of magical words in an indictment.  In short, "[t]he victim need not be named in the indictment, only that their harm be proximately caused by Defendant's commission of the crime." United States v. Secatero, 2000 WL 36739981, at *4 (D.N.M. 2000); see also United States v. Alisuretove, 788 F.3d 1247, 1257 (10th Cir. 2015)(analyzing the alternate definition of victim under the MVRA, which also turns on causation, and finding "[q]uite clearly, this language does not limit the term 'victim' to any person or entity specifically listed in the charging document"); Rand, 403 F.3d at 494 ("Thus, while *conduct* underlying a restitution order must be specifically articulated in the charge or a plea agreement, specific victims need not be.")(emphasis in original); Moore v. United States, 178 F.3d 994, 1001 (8th Cir. 1999)(determining a bystander to a bank robber was a victim under the MVRA).

Second, citing United States v. Mendenhall, she argues that the words in the elements of manslaughter narrow the meaning of victim such that John Doe cannot recover.  Objections at 5-7 ("None of the elements of involuntary manslaughter directly caused the losses.").  This argument mistakenly conflates "conduct" with "elements" and misconstrues Mendenhall.  The test for restitution is not to look at just the words in the elements of the crime, but to look to the "*conduct* underlying" the elements of that crime.  Hughey v. United States, 495 U.S. at 420 (1990)(emphasis added); United States v. Donaby, 349 F.3d 1046, 1054 (7th Cir. 2003)("The text of the VWPA, the MVRA, and the *Hughey* opinion, however, do not limit restitution to the elements of the offense.  The statutes limit recovery to victims 'directly and proximately harmed as a result of the commission of an offense.'").  The conduct is determined by the facts in the plea agreement needed

5

to prove the crime. See supra, at 3-4, (collecting cases that looked at the facts in the plea agreement and not just the words in the crime's elements). The elements of involuntary manslaughter required the United States to show that Benally acted without due caution and circumspection, and her act killed someone. The conduct underlying those elements is that she drunkenly drove and crashed into another vehicle. In determining who are the victims of that conduct, the MVRA says that everyone who was "directly and proximately harmed as a result" of that conduct is a victim. 18 U.S.C. § 3663A(a)(2). As shown above, that car crash caused harm to John Doe and therefore he is a victim entitled to restitution.

Though Benally argues that Mendenhall dictates the opposite result, Mendenhall's holding is in line with all of the above caselaw and is simply that the defendant's plea in that case to possession of stolen goods did not show that he caused losses from a burglary. 945 F.3d at 1267-68 ("The remaining losses arise from the burglary of H&H, not from Mendenhall's possession, receipt, or concealment of the stolen firearms."). The Tenth Circuit's reasoning is that "none of these elements" from possession of stolen goods "caused the losses cited as the basis of the restitution order." Id. at 1268. Given the extensive caselaw backdrop, the Supreme Court's command from Hughey, and even Mendenhall's acknowledgement that a court is to look to the "*conduct* underlying the offense of conviction" Mendenhall, 945 F.3d at 1267 (emphasis added), the Tenth Circuit's language about "elements" causing the losses cited, is clearly about the *conduct* underlying the elements of possession not causing the loss. Thus, that case still commands the Court here to look at the conduct underlying Benally's involuntary manslaughter, which shows that she caused harm to John Doe by crashing into his vehicle, making him a victim.

But even if Mendenhall was charting a new course — and in the process, ignoring the statute, overruling Supreme Court caselaw, and also overruling prior Tenth Circuit precedent, all

of which it cannot do — and crafting an elements test instead of a conduct-underlying-the-elements test, Mendenhall is still distinguishable. In that case the elements to possession are not tied to the restitution claim from the burglary. You can meet all of the elements of possession of stolen property (knowing possession, knowing it was stolen, and that it moved in interstate commerce) without tying any of those elements it to the burglary. In contrast, here, unlike in Mendenhall, the elements of involuntary manslaughter are tied to John Doe's restitution claim. Specifically, one of the elements of involuntary manslaughter is that the Defendant committed "an unlawful act not amounting to a felony, a lawful act in an unlawful manner, which act might produce death, or a lawful act without due caution and circumspection, which act might produce death." It is this "element" that caused the harm to *both* victims. Accordingly, Mendenhall compels the result that John Doe is victim even if the Court interprets that case as creating a new elements test.

John Doe was directly and proximately harmed from Benally's drunken crash into his vehicle. That conduct — the car crash — was necessary to prove an element underlying the involuntary manslaughter offense, Benally admitted to that conduct in the plea agreement, and that conduct caused multiple harms to multiple people. A victim is anyone directly and proximately harmed from that conduct. Because John Doe was directly and proximately harmed from that conduct, he is a victim and entitled to restitution.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to overrule Benally's objection to a restitution order for John Doe.

Respectfully submitted:
JOHN ANDERSON
United States Attorney

*Electronically filed on May 15, 2020*
FREDERICK T. MENDENHALL
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*  _____
FREDERICK T. MENDENHALL
Assistant United States Attorney