IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    No. 19-cr-3595-KWR

ANGELITA BENALLY,

       Defendant.

## REPLY TO THE UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

Defendant Angelita Benally, by and through her counsel of record, Assistant Federal Public Defender Emily P. Carey, respectfully submits the following reply to the United States' Response to Defendant's Objection to the Presentence Report (PSR) (Doc. 40). Ms. Benally objects to a restitution order for any losses claimed by J.G. as not authorized by statute because he is not a victim of the offense of conviction. In its Response, the United States maintains that J.G.[1] is entitled to restitution under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, as a "person directly and proximately harmed," as a result of the involuntary manslaughter offense to which Ms. Benally pleaded guilty.

Courts lack inherent power to order restitution and may only do so as authorized by statute. *United States v. Gordon,* 480 F.3d 1205, 1210 (10th Cir. 2007).  In relevant part, restitution is authorized by the MVRA for convictions of any offense that is a "crime of violence" "in which an identifiable victim" has suffered a physical injury. 18 U.S.C. § 3663A(c)(1)(A)(i) & (B). Although involuntary manslaughter in this context is not a crime of violence and therefore not a qualifying

---

[1] Ms. Benally referred to the driver of the other vehicle as J.G. in her initial objections to the PSR, and although the United States used the moniker "John Doe" in its response, for consistency Ms. Benally will continue to use J.G.

offense, the parties agreed that a qualifying offense gave rise to the plea agreement, thereby invoking application of the MVRA to mandate restitution to the victim of the offense of conviction. The PSR proposes an order of restitution for an as of yet undetermined amount for losses claimed as a result of an offense that Ms. Benally did not plead guilty to and which did not stem from any scheme or conspiracy of the offense of conviction.[2]   Nor did she agree to pay this additional restitution in the terms of the plea agreement.  Accordingly, the law does not authorize an order of restitution for any losses that may be claimed by J.G.

Ms. Benally does not dispute the United States' assertion that the MVRA covers loss that is "a direct and proximate result of the offense" for which a defendant is "indicted and convicted." *United States v. Mendenhall*, 945 F.3d 1264, 1267 (10th Cir. 2019). This means, however, "'[r]estitution must be based on the offense of conviction, not relevant conduct.'" *Id.* at 1269 (quoting *United States v. Frith,* 461 F.3d 914, 916 (7th Cir. 2006)). As the Supreme Court explained in *Hughey v. United States,* interpreting a similar restitution provision in the Victim and Witness Protection Act (VWPA), this language means "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." 495 U.S. 411, 420 (1990). In other words, restitution is only authorized for "the loss caused by the *specific conduct that is the basis of the offense of conviction.*" *Id.* at 413 (emphasis added). *Hughey* abrogated prior Tenth Circuit law that allowed restitution for losses with "'a significant connection to the act for which conviction was had.'" *Mendenhall,* 945 F.3d at 1267 (quoting abrogated case *United States v. Duncan,* 870 F.2d 1532, 1537 (10th Cir. 1989)). Although the MVRA post-dates *Hughey* and contains slightly different language than did the VWPA, "*Hughey's* limitation applies equally to

---

[2] The United States correctly recognizes in footnote 2 of its Response (Doc. 40) that the provision in the MVRA authorizing loss resulting from criminal conduct in the course of a scheme, conspiracy, or pattern that is an element of the crime of conviction is inapplicable here.

restitution orders under [the MVRA], 18 U.S.C. § 3663A." *Id.*

In *Hughey,* the defendant pleaded guilty to a single count of the use of unauthorized credit cards, for using one specific credit card stolen from the mail. 495 U.S. at 413-14. The district court ordered restitution based on the use of approximately thirty other credit cards stolen from the mail. *Id.* at 414. The Supreme Court overturned the restitution order, explaining that the "plain language" of the restitution statute authorized restitution only in connection with the single credit card mentioned in the count of conviction. *Id.* at 422; *see also Gordon,* 480 F.3d at 1211 (where defendant pleaded guilty to a single count of credit card fraud, the MVRA did authorize restitution to other defrauded credit card holders). Here too, Ms. Benally pleaded guilty to involuntary manslaughter resulting in the death of L.C., and the statute authorizes restitution for certain losses in connection with L.C's death. Although there may be losses with "a significant connection to the act for which conviction was had" related to the aggravated assault offense to which Ms. Benally did not plead guilty, *Hughey* made it clear that restitution for such losses is not authorized by law. *See United States v. Bryant,* 436 F. App'x 254, 256 (4th Cir. 2011) (unpublished) (explaining that in *Hughey,* "the Supreme Court held that in the absence of clear statutory authority to do so, district courts lacked the authority to order restitution beyond convicted counts").

Despite the United States' contention otherwise, Ms. Benally is not suggesting that through *Mendenhall* the Tenth Circuit "was charting a new course" and straying from existing precedent. (*See* Response at 6). However, the United States misinterprets *Mendenhall.* In that case, the defendant was convicted of possessing, concealing, and receiving three stolen firearms under 18 U.S.C. §§ 922(j) and 924(a)(2). *Mendenhall*, 945 F.3d at 1267. Each firearm was stolen from H&H Pawn Gun & Tool. *Id.* at 1266. Evidence suggested that the defendant was involved in the burglary. *Id.* The defendant challenged the order of restitution directing that he pay for the loss of

3

unrecovered firearms, wages for employees who conducted inventory, and loss of revenue to the store. The Tenth Circuit did precisely what the United States criticizes here. It looked to the specific elements of the defendant's crime of conviction, rather than overall conduct, and determined that "none of these elements caused" the losses arising from the burglary of H&H. *Id.* at 1267-68. Under the United States' theory, H&H would have been entitled to restitution – a conclusion the Tenth Circuit rejected.

*Mendenhall* highlights the Tenth Circuit's careful analysis and narrow interpretation of the MVRA as applied to the specific conduct of offense of conviction only and not to relevant conduct. In its response the United States repeatedly argues that the "conduct needed to prove involuntary manslaughter, and admitted to in Benally's plea agreement, is that she drove drunk and crashed into another vehicle." (Response at 1). To prove involuntary manslaughter under 18 U.S.C. § 1112 the United States must demonstrate in relevant part that: 1) the defendant caused the death of the victim named in the indictment; and (2) the victim was killed while the defendant was committing an unlawful act not amounting to a felony, a lawful act in an unlawful manner, which act might produce death, or a lawful act without due caution and circumspection, which act might produce death. *See* 10th Cir. Pattern Jury Instr. – Crim. 2.54.1 (2018); 18 U.S.C. § 1112; Plea Agreement Doc. 27, ¶ 6. Crashing into another car is not an element of the offense or specific conduct required for the offense to be committed. Again, while there may be losses in this case with "a significant connection to the act for which conviction was had" under *Hughey* and *Mendenhall* restitution for such losses is not authorized. *See also United States v. Ward,* 182 F. App'x 779, 802 (10th Cir. 2006) (recognizing that while the district court may rely on uncharged conduct in calculating a defendant's sentence, such uncharged conduct cannot form the basis for an order of restitution). The *Mendenhall* court was aware that it could be criticized for "the apparent injustice our decision

creates for those victimized by crime." 945 F.3d at 1269.  It continued, "[b]ut at least since the Supreme Court decided *Hughey* almost thirty years ago, prosecutorial decisions to frame indictments with a 'view to success at trial rather than to a victim's interest in full compensation' are made with a full understanding of the potential consequences.'" *Id.* (quoting *Hughey*, 495 U.S. at 421).

Finally, the MVRA allows the parties to explicitly agree to expand liability for restitution in a plea agreement. 18 U.S.C. § 3663A(a)(3). In *Mendenhall,* the Tenth Circuit noted that there are tradeoffs to "prosecutorial decisions," and that while "[e]xacting a guilty plea to a lesser number of charged crimes than the possible maximum undoubtedly limits victims' recovery, ( ) it also ensures restitution for those crimes to which the defendant pleads guilty." 945 F.3d at 1269. The Tenth Circuit further noted that prosecutors are not left without recourse under these circumstances. *Id.* Rather, "[a]s 18 U.S.C. § 3663A(a)(3) states, restitution payments to 'persons other than the victim of the offense' are permissible so long as they are 'agreed to by the parties in a plea agreement.'" *Id.* (quoting 18 U.S.C. § 3663A(a)(3)). Here, the parties agreed that the MVRA would apply to Ms. Benally's crime of conviction under 18 U.S.C. § 3663A(c)(2), even though the offense is not a qualifying offense under the statute.  (*See* Plea Agreement, Doc. 27, ¶ 16). This would ensure mandatory restitution for L.C. as the victim of the crime to which Ms. Benally pleaded guilty. Nowhere in the plea agreement did Ms. Benally explicitly agree to provide restitution "to persons other than the victim of the offense," and the MVRA does not authorize restitution for relevant conduct.

In *United States v. Randle*, 324 F.3d 550 (7th Cir. 2003), the Seventh Circuit addressed the lower court's award of restitution related to bankruptcy fraud counts to which the defendant did not plead guilty.  In the parties' plea agreement in that case, two of the four references to restitution

were somewhat specific. *Randle,* 324 F.3d at 557. The first reference noted that the total loss resulted from "three different debtors," and a second reference indicated "several victims." *Id.* Both references to restitution noted the aggregate amount of loss suffered by the three debtors. *Id.* The court reiterated, "[p]lea agreements are contracts, and must be interpreted according to the principles of contract law." *Id.* It continued that, "[t]o be valid, a plea agreement must encompass a meeting of the mind on all of its essential terms." *Id.* at 558. The court concluded that "[t]he absence of any explicit language in the written plea agreement incorporating an agreement on restitution to persons beyond the victim precludes the invocation of § 3663A(a)(3) to authorize restitution" to the other two debtors. *Id.* Similarly, here, there is no evidence that the parties intended for Ms. Benally to pay restitution to anyone other than L.C. as the victim of the offense to which Ms. Benally pleaded.  This is perhaps highlighted by the fact that the MVRA would not otherwise apply to this case because involuntary manslaughter is not a qualifying offense under the statute.

WHEREFORE, for the foregoing reasons, Ms. Benally respectfully requests that the Court sustain her objection to a restitution order for any losses that may be claimed by J.G., and for other such relief as the Court may deem just and proper.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


*Electronically filed May 22, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Frederick Mendenhall III, Assistant United States Attorney.

                              ***Electronically filed May 22, 2020***
                              /s/ Emily P. Carey
                              Assistant Federal Public Defender