IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————————

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                  Case No. 1:19-cr-03595 KWR

ANGELITA BENALLY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Objections to the Presentence Report, filed May 8, 2020 (**Doc. 37**). The Court held a sentencing hearing on July 1, 2020. At the hearing, the parties requested that the Court proceed to sentencing and hold open an issue of restitution as to J.G. Therefore, by agreement of the parties, the Court pronounced sentence and held open whether J.G. is eligible to receive restitution as a victim under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. Having reviewed the parties' pleadings and heard oral argument, the Court finds that Defendant's objection is not well taken in part and therefore **OVERRULED IN PART**. J.G. is eligible to be a victim under 18 U.S.C. § 3663A for the purpose of restitution.

## BACKGROUND

Defendant drove while intoxicated on the wrong side of I-40 and crashed into another car driven by J.G. **PSR, Doc. 34, ¶ 11**. Her passenger (L.C.) was killed in the crash and the driver of the other car (J.G.) was injured or his property damaged. **Doc. 34, ¶ 22**. Defendant pled guilty to involuntary manslaughter (L.C.) and the assault charge (J.G.) was dropped. **Doc. 27.**

On October 10, 2019, the Grand Jury returned an indictment charging Defendant with (1) one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153, 1112, and (2) one count of assault resulting in serous bodily injury, in violation of 18 U.S.C. §§ 1153, 113(a)(6).  The indictment provided in part:

> On or about March 5, 2019, in Indian Country, in Cibola County, in the District of New Mexico, the defendant, Angelita Benally, an Indian, unlawfully killed John Doe 1[L.C], by operating a motor vehicle without due care and circumspection and with a wanton and reckless disregard for human life when she knew or should have known that her conduct imperiled the lives of others, and while in the commission of an unlawful act not amounting to a felony, that is while: (1) driving any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, in violation of N.M. Stat. Ann. § 66-8-113; and (2) driving a vehicle under the influence of intoxicating liquor, N.M. Sta. Ann.  § 66-8-102(A).

**Doc. 2** (redacted indictment).

On February 21, 2020, Defendant pled guilty to Count 1 of the indictment for involuntary manslaughter.  The Government agreed to move to dismiss Count 2 of the Indictment.  **Doc. 27, ¶ 18.**  As part of the plea agreement, Defendant admitted the following facts:

> I, Angelita Benally am an enrolled member of the Navajo Nation Tribe and an Indian as defined by federal law. On March 5, 2019, I was driving on Interstate 40 near mile marker 97 on the Acoma Reservation. which is within the District of New Mexico. L.C. who is an enrolled member of the Navajo Nation Tribe was in the passenger seat of the vehicle. While driving, I crashed mv car into another vehicle. As a result of the crash L.C. was killed. I learned later that I told the officers who responded to the crash that I had been drinking. I also later learned that my blood alcohol level was measured .226 within two hours of the crash and that I had been driving at a speed of approximately 90 mph on Interstate 40 where the posted speed limit is 75 mph.

**Doc. 27 ¶ 7.**  Defendant admitted there was a factual basis for each element of involuntary manslaughter.  **Doc. 27 ¶ 6, 8.**  As part of the plea agreement, the parties agreed that the Mandatory Victim Restitution Act would apply:

> The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.  The parties agree that, although this plea agreement does not result in a conviction for an offense described in 18 U.S.C.  § 3663A(c)(1), an offense listed

in 18 U.S.C. § 3663A(c)(1) gave rise to the plea agreement. 18 U.S.C. § 3663A(c)(2).

*See* **Doc. 27 ¶ 16.**

The PSR recommended that the Court enter an order of restitution against Defendant for an unspecified amount for medical services and property loss to J.G. **Doc. 34 ¶¶ 22, 23, 83.**

As relevant here, Defendant filed this motion objecting to paragraph 22, 23, and 83 of the PSR solely on the legal basis that J.G. is not a victim of the offense of conviction. Defendant did not dispute any specific facts in the PSR related to J.G.[1] Probation filed an addendum to the PSR, agreeing with Defendant and concluding that J.G. did not qualify as a victim as to Count I.

The Court held a sentencing hearing on July 1, 2020. The parties agreed that the Court should proceed to sentencing at the hearing and hold open J.G.'s eligibility for restitution.

## DISCUSSION

Defendant asserts that J.G. is not eligible for restitution in this case, because he was not a victim of the involuntary manslaughter conviction in Count I, and the assault charge in Count II was dismissed. The Government argues that J.G. is eligible for restitution because J.G. suffered an injury or loss caused by the same "conduct underlying" the offense of conviction (involuntary manslaughter). Under the unique circumstances of this case, the Court agrees with the Government.

### A.    Victim under the Mandatory Victim Restitution Act.

The Mandatory Victim Restitution Act ("MVRA") provides that, for certain crimes, "the court shall order ... that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). Under the MVRA, a "victim" is a person "*directly and proximately harmed*" as a

---

[1] Defendant raised other factual disputes to the PSR, which are not relevant here.

result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(1).

"[T]he government must show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." *United States v. Speakman*, 594 F.3d 1165, 1171 (10th Cir. 2010).  The "main inquiry for causation in restitution cases is whether there was an intervening cause and, if so, whether this intervening cause was directly related to the offense conduct." *Speakman,* 594 F.3d at 1171.

In *Hughey v. United States,* the Supreme Court held that another restitution statute limited the imposition of restitution to compensate for losses arising solely from the offense of conviction and not for losses caused by other alleged criminal activities. *Hughey v. United States,* 495 U.S. 411, 420–422, 110 S.Ct. 1979, 1984–85 (1990).  The Supreme Court further opined that the language in the statute providing "'the offense of which the defendant was convicted' suggests strongly that restitution as authorized by the statute is intended to compensate victims only for losses caused by the *conduct underlying the offense of conviction*."  *Hughey v. United States*, 495 U.S. at 416 (emphasis added).

In the Tenth Circuit, this means "restitution is limited to losses caused by the conduct underlying the offense of conviction." *United States v. Brewer,* 983 F.2d 181, 184 (10th Cir.1993); *United States v. Mendenhall*, 945 F.3d 1264, 1267 (10th Cir. 2019) ("restitution to the victim of "an offense" permitted district courts to order restitution "only for losses caused by the conduct underlying the offense of conviction."); *United States v. Camick*, 796 F.3d 1206, 1224 (10th Cir. 2015) ("The Government must show that Mr. Camick's conduct underlying his obstruction of justice conviction was the but-for and proximate cause of Ms. Wattley's losses in the state storage

fee lawsuit."); *see also United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 928 (9th Cir.2001)

("Defendant's conduct need not be the sole cause of the loss, but any subsequent action that

contributes to the loss, such as an intervening cause, must be directly related to the defendant's

conduct."), *quoted in Speakman*, 594 F.3d at 1172

In determining the conduct underlying the offense of conviction, the Court looks to the

facts admitted in the plea agreement. *United States v. Speakman*, 594 F.3d 1165, 1166 (10th Cir.

2010) ("The following facts were stipulated to in the plea agreement."); *United States v. Adams*,

363 F.3d 363, 366 (5th Cir. 2004) (looking at plea agreement to determine scope of scheme);

*United States v. Rand*, 403 F.3d 489, 494 (7th Cir. 2005) ("conduct underlying a restitution order

must be specifically articulated in the charge or a plea agreement"); *United States v. Matthew*, 916

F.3d 510, 517 (5th Cir. 2019) (looking, in a MVRA case, to the "factual resume that accompanied

[a defendant's] guilty plea to determine the conduct underlying the offense of conviction."); *United*

*States v. Freeman*, 741 F.3d 426, 428, 438 (4th Cir. 2014) (analyzing the statement of facts

incorporated in a plea agreement to determine the specific conduct underlying the offense of

conviction for restitution).

### B.     Analysis.

The parties dispute how the Court should interpret the phrase "losses caused by *conduct*

*underlying the offense of conviction.*" *United States v. Brewer,* 983 F.2d 181, 184 (10th Cir.1993)

(emphasis added); *United States v. Speakman*, 594 F.3d 1165, 1171 (10th Cir. 2010). Defendant

argues this concept is restricted in an involuntary manslaughter charge to the death of L.C. The

Government argues that the inquiry is not so restricted and the Court can look to the conduct

underlying the offense of conviction as admitted in the plea agreement, which includes the fact

that Defendant drove intoxicated[2] and crashed into J.G.'s car.  The Court finds that the same

specific conduct that killed L.C. – driving intoxicated or without due care and crashing into J.G.'s

car- also caused injury J.G.  Therefore, the Court finds that the same underlying conduct of the

offense conviction injured both L.C. and J.G.

Defendant appears to argue that *Mendenhall* requires that the Court look to the elements of

the crime charged.  *United States v. Mendenhall*, 945 F.3d 1264, 1267 (10th Cir. 2019).  In

*Mendenhall*, the defendant pled guilty to possession of stolen firearms but was not charged with

burglary.  The Tenth Circuit cited the elements of the offense of possession of firearms and noted

that none of the elements of possession of stolen firearms caused the losses of burglary. The Tenth

Circuit concluded that the victim could not recover for damages caused by the burglary.  *Id.*

*Mendenhall* is distinguishable, because there is nothing to indicate that the defendant admitted to

the facts underlying a burglary charge.

Here, however, the specific conduct underlying one of the elements of involuntary

manslaughter appears to have also been the but-for and proximate cause of the harm to J.G.

Specifically, Defendant was committing an unlawful act not amounting to a felony, a lawful act in

an unlawful manner which might produce death, or lawful act without due caution and

circumspection.  **Doc. 27 ¶ 6.**  The conduct underlying that element is as follows:  Defendant drove

while intoxicated or without due care and circumspection, and crashed into J.G.'s car, which

caused both the death of L.C. and the harm to J.G.

---

[2] Defendant specifically admitted in her plea agreement, as relevant here, that (1) she was driving on Interstate 40; (2) she crashed into another vehicle; (3) as a result of the crash L.C. was killed; (4) she told an officer that she had been drinking; (5) her blood alcohol level was .226 within two hours of the crash; and (5) she had been driving 90 MPH when the posted speed limit was 75 MPH.  **Doc. 27 ¶ 7.**  It is undisputed at the hearing, in the PSR or in her briefing that the car she crashed into was driven by J.G.

The same exact conduct that caused the death of L.C. – driving drunk or without due care and crashing into J.G.'s car – also harmed J.G.  Therefore, the Court concludes that the conduct underlying the offense of conviction was the but-for and proximate cause of the harm to J.G.

### C.     **Distinguishable cases.**

The relevant Tenth Circuit or United States Supreme Court cases, and those cited by Defendant, are distinguishable.  These cases generally involve separate counts which did not involve the same underlying conduct.

These cases generally involved instances where (1) a defendant pled guilty merely to a possession crime and not the burglary crime or (2) the defendant only pled guilty to one instance of fraud, theft, or misuse of a credit card in a multi-count indictment.  In those cases, it appears that the dismissed counts did not have the same underlying conduct.  For example, where a defendant pled guilty to only one offense of illegal use of a credit card, he was not liable for restitution for the misuse of other credit cards from other victims.  *United States v. Gordon*, 480 F.3d 1205, 1211 (10th Cir. 2007).  In *Mendenhall*, the defendant pled guilty to the possession of stolen goods and did not admit the facts underlying the offense of burglary.  945 F.3d at 1267-68 ("The remaining losses arise from the burglary of H&H, not from Mendenhall's possession, receipt, or concealment of the stolen firearms.").  Therefore, the victim in *Mendenhall* was not entitled to compensation for damage caused by the burglary.  Similarly, damages resulting from resisting arrest are "not caused by the underlying possession crime."  *United States v. West,* 646 F.3d 745, 751 (10th Cir.2011).

Moreover, in *Hughey,* the defendant was indicted for three counts of theft and three counts of unauthorized credit card use. The defendant pled guilty to one count of unauthorized credit card use in exchange for dismissal of remaining charges. *Hughey v. United States*, 495

U.S. 411, 412–13, 110 S. Ct. 1979, 1981, 109 L. Ed. 2d 408 (1990). The Supreme Court held

that the defendant could be ordered to pay restitution only for the amount of loss resulting from

the credit card count to which he pled guilty. *Id.* at 422, 110 S.Ct. at 1986. Again, this case is not

on point as the misuse of separate credit cards appeared to stem from different underlying

conduct.  Here, the same act of driving without due care or driving intoxicated (an element of

involuntary manslaughter) and crashing into J.G.'s vehicle caused the harm to both J.G. and L.C.

## CONCLUSION

For the reasons stated above, the Court overrules Defendant's objections to paragraphs 22,

23, and 83 of the PSR.  J.G. is a victim eligible for restitution under the MVRA.  However, the

Government has the duty to seek, and the Court enter, a restitution order within 90 days of

sentencing.  18 U.S.C. § 3664(d)(5).  The Court will hold open the amount of restitution.

**IT IS THEREFORE ORDERED** that Defendant's Objections to the Presentence Report,

filed May 8, 2020 **(Doc. 37)** is **OVERRULED IN PART** for reasons described in this

Memorandum Opinion and Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE