IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                    No. 19-cr-3595-KWR

ANGELITA BENALLY,

        Defendant.

## UNOPPOSED MOTION TO EXTEND DATE FOR VOLUNTARY SURRENDER

Defendant Angelita Benally, by and through her counsel of record Assistant Federal Public Defender Emily P. Carey, respectfully requests that the Court vacate the August 26, 2020 voluntary surrender date set by the United States Marshal Service (U.S. Marshals) and permit Ms. Benally to voluntarily surrender at a date and time appointed by the U.S. Marshals thirty (30) days following entry of the judgment in this matter. As grounds, Ms. Benally states:

1. On July 1, 2020, this Court sentenced Ms. Benally to a thirty (30) month term of imprisonment to be served at the Bureau of Prisons (BOP). (Doc. 45). The Court left open the question of restitution pending decision of the Court about whether the driver of the other vehicle was statutorily entitled to restitution. (Doc. 45). The Court granted a sixty (60) day period of voluntary surrender. (Doc. 45). When Ms. Benally presented to the U.S. Marshals for processing, the U.S. Marshals set August 26, 2020 as the voluntary surrender date in conformity with this Court's oral order.

2. On July 16, 2020, the Court filed a Memorandum Opinion and Order in which it held that the driver of the other vehicle is eligible to be a victim under 18 U.S.C. § 3663A for the purpose of restitution. (Doc. 46). In accordance with 18 U.S.C. § 3664(d)(5), the Court

1

held open the question as to the amount of restitution for 90 days from sentencing. As a result, the final judgment and sentence in this matter has not been entered. The Court set a status conference to discuss this matter on September 23, 2020. (Doc. 49).

3. Ms. Benally is awaiting designation to a BOP facility to serve her term of confinement. Counsel for Ms. Benally contacted the U.S. Marshals for information on the designation process for Ms. Benally. The U.S. Marshals have informed undersigned counsel that they do not yet have information necessary for Ms. Benally's designation. Upon information and belief, Ms. Benally will not be designated to a BOP facility until some time after her final judgment and sentence is entered. Ms. Benally is asking that she not be required to surrender prior to her BOP designation.

4. The Court is well aware of the havoc the novel coronavirus (COVID-19) has wreaked globally, nationally, and locally. On March 13, 2020, when the President of the United States declared a national emergency because of COVID-19, the Center for Disease Control and Prevention (CDC) reported 1678 COVID-19 cases and 41 deaths from COVID-19 in the United States.[1] As of the writing of this motion, there are 4,889,500 cases of coronavirus in the United States and more than 159,500 COVID-19 related deaths.[2]

5. Jails and prisons have presented unique challenges in addressing the spread of COVID-19. According to a research letter from the American Medical Association, "COVID-19 rates have been substantially higher and escalating much more rapidly in prisons than in the U.S. population."[3] This is due in part to "a lack of space to practice social distancing, inability

---

[1] *See* Reuters, CDC Reports 1,678 Coronavirus Cases, Death Toll 41, U.S. News & World Report (Mar. 1, 2020), available at: https://www.usnews.com/news/us/articles/2020-03-13/us-cdc-reports-1-678-coronavirus-cases-death-tally-of-41 (last viewed on Aug. 7, 2020).
[2] *See* New York Times, Coronavirus in the U.S.: Latest Map and Case Count (Aug. 7, 2020), available at: https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed on Aug. 7, 2020).
[3] *See* Brendan Saloner, et al., *COVID-19 Cases and Deaths in Federal and State Prisons*, Journal of American Medical Association (July 8, 2020), available at: https://jamanetwork.com/journals/jama/fullarticle/2768249 (last viewed on

to follow proper hygiene protocols, contact from surrounding community and limited containment options."[4] The BOP floundered in implementing any plan to control the spread of the virus in its facilities, resulting in over 10,793 infected inmates and 1304 infected staff members with 111 combined deaths.[5] Unfortunately, we have seen this play out in local facilities where many federal defendants are held while their cases are pending.[6]

6. In an effort to stall the spread of COVID-19, both the BOP and the U.S. Marshals have drastically limited movement and transfer of incarcerated individuals between facilities.[7] In fact, at present the U.S. Marshals will not transport anyone to or from the Cibola County Correctional Center while that facility addresses the more than 283 federal inmates who tested positive for coronavirus. This has resulted in a significant bottleneck effect as sentenced federal inmates wait in local jails for transport to their final BOP designations. Should Ms. Benally surrender locally on August 26, 2020, she is likely to spend a significant time stuck in a series of local jails before ever reaching her final BOP destination. This is particularly true where she has not yet been assigned to a BOP facility.

---

Aug. 7, 2020).

[4] *See* Taylor Miller Thomas, *How U.S. Prisons Became Ground Zero for Covid-19,* Politico (June 25, 2020), available at: https://www.politico.com/news/magazine/2020/06/25/criminal-justice-prison-conditions-coronavirus-in-prisons-338022 (last viewed on July 8, 2020).

[5] *See* Bureau of Prisons, COVID-19 Update (updated on 08/06/2020), available at: https://www.bop.gov/coronavirus/ (last viewed on Aug. 7, 2020); *see also* Walter Pavlo, *As Bureau of Prisons Enters "Phase 9" of COVID-19 Plan, BOP Staff Wonder if There is a Real Plan,* Forbes (Aug. 7, 2020), available at: https://www.forbes.com/sites/walterpavlo/2020/08/07/as-bureau-of-prisons-enters-phase-9-of-covid-19-plan-bop-staff-wonder-if-there-is-a-real-plan/#56783f6f326f (last viewed on Aug. 7, 2020).

[6] *See* Associated Press, *COVID-19 Outbreak Reported at Otero County Prison Facility*, U.S. News & World Report (June 25, 2020 ) (reporting that approximately 80% of inmates at the Otero County prison tested positive for the coronavirus), available at: https://www.usnews.com/news/best-states/new-mexico/articles/2020-06-24/new-mexico-cases-near-11-000-as-vets-call-for-posts-to-open (last viewed on Aug. 7, 2020); Phill Casaus, Outbreak in cases at Cibola County Corrections Center spurs highest-ever coronavirus count, Santa Fe New Mexican (July 27, 2020), available at: https://www.santafenewmexican.com/news/coronavirus/outbreak-in-cases-at-cibola-county-corrections-center-spurs-highest-ever-coronavirus-count/article_debf6df2-d053-11ea-9e47-677e4a1583e1.html (last viewed on Aug. 7, 2020).

[7] *See* Bureau of Prisons, *BOP Implementing Modified Operations,* available at: https://www.bop.gov/coronavirus/covid19_status.jsp (last viewed on Aug. 7, 2020) (describing limited inmate movement within and between BOP facilities).

This dramatically increases possible exposure to the virus and the risk that she would contract COVID-19. Ms. Benally's hope is that by extending her voluntary surrender date to thirty days after the judgment is entered, the U.S. Marshals and the BOP will have had time to process her paperwork and assign her to a BOP facility, thereby alleviating this concern.

7. Moreover, extending Ms. Benally's surrender date will provide time for BOP to address and treat the large number of incarcerated persons in its facilities who have tested positive for COVID-19 and to implement a plan to avoid a resurgence of COVID-19 in the future. Several courts have sought to protect prisoners by extending voluntary surrender dates. *See, e.g., United States v. Garlock*, 18-cr-418-VC-1 (N.D. Cal. Mar. 25, 2020) (citing "chaos" inside federal prisons in sua sponte extending time to self-surrender: "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided"); *United States v. Matthaei,* ECF No. 30, Case No. 1:19-cr-243-BLW (D. Idaho Mar. 16, 2020) (extending self-surrender date by 90 days in light of COVID-19).  In granting an extension to the voluntary surrender date of an individual who has had not yet been designated to a BOP facility, one district court noted:

> It is apparent that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided. Several recent court rulings have explained the health risks – to inmates, guards, and the community at large – created by large prison populations…Complications have already begun inside federal prisons – inmates and prison employees are starting to test positive for the virus, quarantines are being instituted, visits from outsiders have been suspended, and inmate movement is being restricted even more than usual…To avoid adding to the complications and creating unnecessary health risks, offenders who are on release and scheduled to surrender in the coming months should, absent extraordinary circumstances, have their surrender dates extended until this public health crisis has passed.

*United States v. Haichao Huang,* Case No. 19-cr-00110-SI, 2020 WL 1540483 at

*1 (N.D. Cal. Mar. 27, 2020).

8. Finally, Ms. Benally advises that last week she was pricked by a needle while performing her housekeeping duties at the hotel where she works. She immediately sought medical attention and initial testing. However, she is required to conduct follow-up testing several weeks from the date of the incident to ensure she did not contract anything. Extending Ms. Benally's voluntary surrender date beyond August 26, 2020 would allow her to perform that testing and seek follow up care as necessary.

9. Accordingly, Ms. Benally is asking the Court to vacate the August 26, 2020 voluntary surrender date and allow for a new date to be appointed by the U.S. Marshals which is thirty (30) days from entry of the judgment.

10. Ms. Benally has been out of custody since her release on October 28, 2019 without incident. She has been complying with her conditions, attending weekly counseling appointments, following up on necessary medical treatment, and working.

11. Counsel contacted U.S. Probation Officer Krystle Avrit who does not oppose this request.

12. Assistant United States Attorney Frederick Mendenhall also does not oppose this request.

WHEREFORE, for the foregoing reasons, Ms. Benally respectfully requests that the Court vacate the August 26, 2020 self-surrender date and order that a new date be set for thirty (30) days from entry of judgment, and for other such relief as the Court may deem just and proper.

    Respectfully Submitted,

    **FEDERAL PUBLIC DEFENDER**
    111 Lomas NW, Suite 501
    Albuquerque, NM 87102
    (505) 346-2489

*Electronically filed August 11, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Frederick Mendenhall III, Assistant United States Attorney.

*Electronically filed August 11, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender