IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                    No. 19-cr-3595-KWR

ANGELITA BENALLY,

      Defendant.

### DEFENDANT'S OBJECTIONS TO THE SECOND ADDENDUM TO THE PRESENTENCE REPORT

Defendant Angelita Benally, by and through her counsel of record, Assistant Federal Public Defender Emily P. Carey, submits the following objections to the restitution claims outlined in the Second Addendum to the Presentence Report (Second PSR Addendum) (Doc. 53). Specifically, Ms. Benally objects to the calculation for the loss and value of the 2014 Nissan Altima, and she objects to a restitution award in any amount for the value of the property allegedly lost or damaged as described in J.G.'s letter to the Court. Ms. Benally does not object to $4,216 in restitution for medical expenses.

### BACKGROUND

Ms. Benally was charged in an Indictment with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, and one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113. (*See* Redacted Indictment, Doc. 2). The charges arose out of a vehicle accident in which Ms. Benally's passenger died. On February 21, 2020, Ms. Benally pleaded guilty to Count 1 of the Indictment charging involuntary manslaughter. (*See* Plea Agreement, Doc. 27). As part of the plea agreement, the United States agreed to move to dismiss Count 2 of the Indictment. (Doc. 27, ¶ 18). The parties also agreed that as part of Ms. Benally's

sentence, the Court would enter an order of restitution under the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3663A. (Doc. 27, ¶ 16). The Presentence Report (PSR), disclosed on April 17, 2020, recommended the Court enter an order of restitution against Ms. Benally to reimburse the family of the deceased, L.C., for travel expenses to attend hearings related to this case. (PSR ¶¶ 21, 83). The PSR also recommended that the Court enter an order of restitution against Ms. Benally for a then unspecified amount for medical services and property loss owed to J.G., the driver of the other vehicle. (PSR ¶¶ 22, 23, 83). Ms. Benally objected to an order of restitution against her in any amount as to J.G., because J.G. is not a victim of the offense of conviction under the MVRA. (*See* PSR Objections (Doc. 37); PSR Reply (Doc. 41)). The parties fully briefed the issue, and on May 26, 2020, the United States Probation Office (USPO) filed an addendum to the PSR. (Doc. 42). In relevant part, the USPO looked at the issue of whether J.G. was entitled to restitution under the MVRA and concluded that he was not. (*See* Doc. 42 at 2-3).

On July 1, 2020, the Court held a hearing and sentenced Ms. Benally to 30 months of imprisonment to be followed by a three-year term of supervised release. (*See* Doc. 45). The Court also ordered $515.20 in restitution to reimburse L.C.'s family for travel expenses to attend court hearings. (*See id.*). However, the Court took under advisement Ms. Benally's objections to an order of restitution against her for any claims made by J.G. (*See id.*). At the time of the sentencing hearing, J.G. had not provided any information to the United States necessary to ascertain the alleged losses.

On July 16, 2020, the Court entered a Memorandum Opinion and Order overruling Ms. Benally's objections to paragraphs 22, 23, and 83 of the PSR and determining that "J.G. is eligible to be a victim under 18 U.S.C. § 3663A for the purpose of restitution." (*See* Doc. 46 at 1). The Court held open final determination of J.G.'s losses for 90 days from sentencing. (*See* Doc. 46 at

8). On September 17, 2020, the USPO filed a Second Addendum to the Presentence Report (Doc. 53) outlining the United States' findings regarding losses claimed by J.G. The Court has scheduled a status conference to address restitution on September 24, 2020.

## **ARGUMENT**

Courts lack inherent power to order restitution and may only do so as authorized by statute. *United States v. Gordon,* 480 F.3d 1205, 1210 (10th Cir. 2007). The MVRA, 18 U.S.C. § 3663A, "requires district courts to order defendants convicted of certain crimes to make restitution to the victim of the offense." *United States v. Mendenhall,* 945 F.3d 1264, 1267 (10th Cir. 2019). The principle aim of restitution is to ensure that crime victims, to the extent possible, are made whole for their losses. *See United States v. James,* 564 F.3d 1237, 1246 (10th Cir. 2009). However, restitution must not unjustly enrich crime victims or provide them a windfall. *Id.* The Tenth Circuit has "held a district court may not order restitution in an amount that exceeds actual loss caused by the defendant's conduct, which would amount to an illegal sentence constituting plain error." *Id.* at 1243. A district court may decline to award restitution where "complex issues of fact related to the … amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A (c)(3)(B). The United States bears the burden of demonstrating amount of loss under the MVRA by the preponderance of the evidence. *See* 18 U.S.C. § 3664(e).

"Although the MVRA allows recovery of losses actually caused by the defendant's offense, it does not allow recovery of consequential or incidental damages." *United States v. Ferdman,* 779 F.3d 1129, 1132 (10th Cir. 2015) (internal quotation marks and citation omitted). The Tenth Circuit has recognized that Section 3663A "appears to contemplate the exercise of discretion by

sentencing courts in determining the measure of a value appropriate to restitution calculation in a given case." *James,* 564 F.3d at 1245 (internal quotations omitted). A district court "may resolve restitution uncertainties with a view towards achieving fairness to the victim so long as it still makes a reasonable determination of appropriate restitution *in a calculation of actual loss.*" *United States v. Gallant,* 537 F.3d 1202, 1252 (10th Cir. 2008) (emphasis added). "[T]he MVRA does not require a court to calculate a victim's actual loss with exact precision." *Ferdman,* 779 F.3d at 1133. "Considered in its entirety, however, the MVRA undoubtedly requires *some* precision when calculating restitution. Speculation and rough justice are not permitted." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

The MVRA only permits restitution for losses caused by the offense of the conviction to the victim of the offense of conviction. *Mendenhall,* 945 F.3d at 1267. Ms. Benally respectfully maintains her objection to an order of restitution against her for any claims made by J.G. on grounds that he is not a victim of the offense of conviction, that any of J.G.'s alleged losses were not caused by the offense of conviction, and that the Court is therefore not authorized under the MVRA to enter such an order. However, understanding the Court's July 16, 2020 ruling determining otherwise, Ms. Benally will assume, for purposes of argument related to the amount of any restitution owed, that the Court is authorized to award restitution to J.G. under the MVRA.

### A. Medical Bills

The MVRA provides that "in the case of an offense resulting in bodily injury to a victim" the defendant must "pay an amount equal to the cost of necessary medical" care. 18 U.S.C. § 3663A(b)(2)(A). The Second PSR Addendum proposes a $4,216.00 claim for medical care. The United States provided a document dated July 10, 2020 with accounting from the University of New Mexico Medical Group for medical services provided on March 5, 2019 and March 19, 2019.

These services appear to align with medical records provided to Ms. Benally in discovery, and Ms. Benally does not challenge the necessity of these medical services or the reasonableness of the loss amount. Accordingly, aside from the general objection to restitution stated above, Ms. Benally does not object to an order of restitution for $4,216.00 to reimburse J.G. for medical expenses.

### B. Loss and Value of 2014 Nissan Altima

Under the MVRA, in situations where there has been damage or loss of property, a district court shall order a defendant to pay an amount equal to the greater of the value of the property on the date of loss or the value of the property on the date of sentencing, less the value of any part of the property that is returned. *See* 18 U.S.C. § 3663A(b)(1)(B). Here, the Second PSR Addendum contains a $8,303.63 claim for loss of a 2014 Nissan Altima. To arrive at the $8,303.63 figure, the United States entered information into three different used vehicle valuation websites (Kelley Blue Book, Edmunds, and Cars.com) and averaged the resulting monetary values generated by all three programs. Ms. Benally objects to this calculation of loss and submits that the United States cannot meet its burden as to actual loss for the vehicle driven by J.G.

As a preliminary matter, the United States has not provided a bill of sale, title, or other document to demonstrate J.G.'s purchase and/or ownership of the vehicle. Did the vehicle have a salvage title, which would dramatically affect value, or was there a lien on the vehicle at the time of the crash? The websites utilized by the United States require the user to input known information about the vehicle to arrive at an estimated value. This information includes vehicle mileage, usage, and condition. In order to more closely estimate actual value of a specific vehicle, all three of these valuation websites require information about accident history, frame damage, body work and paint, interior condition, tire condition, aftermarket modifications, mechanical problems, etc. The actual value of a vehicle on these sites can vary dramatically based on the aforementioned factors as well

5

as whether an individual chooses to sell the vehicle privately or trade it in to a dealer. By way of example, the vehicle valuation from Cars.com relied upon by the United States values a generic 2014 Nissan Altima between $5,605 and $10,750 – a difference of over $5,000.00. Although on average a 2014 Nissan Altima has over 90,000 miles and is in average condition, the United States is basing valuation on a significantly lower mileage and assuming above-average condition of the vehicle without any supportive evidence. Kelley Blue Book, Edmunds, and Cars.com are insufficient to establish actual value and therefore actual loss for this specific vehicle, and there is no evidence in the record that J.G. even owned this vehicle. Accordingly, the United States has not met is burden, and the Court should not enter an order of restitution against Ms. Benally in the amount of $8,303.63 for the 2014 Nissan Altima.

### C. Value of Property Lost/Damaged

Finally, the Second PSR Addendum includes a $50,880.00 claim for property allegedly lost or damaged because of Ms. Benally's offense of conviction. In support of this claim, the United States provided an unsigned letter written by J.G., in which J.G. listed a number of "lost" items and attributed to them a monetary value. In the letter, J.G. suggests that he had purchased all new items for a move from California to New Mexico "because since I was gonna move to a new state I just wanted to have everything new because I didn't want to purchase anything here in New Mexico." (*See* Doc. 53-1). The items J.G. claims he purchased in advance of his move include expensive gold jewelry and watches, several Apple computer products, $25,000 in brand new shirts and pants, and thirty-nine pairs of shoes. (*See* Doc. 53-1).

Even setting aside serious skepticism as to the truth of these illogical and unreasonable claims, the United States has provided no receipts, bank statements, or other evidence that J.G. ever purchased or possessed these items at all, let alone whether such items traveled with him from

California to New Mexico and were lost as a result of Ms. Benally's conduct. *See Ferdman,* 779 F.3d at 1133 (admonishing that a district court may not "dispense with the necessity of proof as mandated by the MVRA and simply 'rubber stamp' a victim's claim of loss based upon a measure of value unsupported by the evidence"). If J.G. had in fact purchased all new items immediately prior to his move to New Mexico, such expensive purchases would be verifiable through receipts, bank statements, or credit card statements. J.G.'s unsigned, unverified, and unsworn letter is insufficient to support restitution in any amount for these purported items. *See United States v. Ferdman,* 779 F.3d at 1136-1140 (agreeing with the defendant that Sprint's unverified letter estimating loss to the company from the defendant's fraudulent purchase of cell phones from retail stores was insufficient to support a restitution amount under the MVRA); *see also United States v. Steele,* 897 F.3d 606, 613 (4th Cir. 2018) ("We have held that a victim's unsupported loss estimate was insufficient, on its own, to substantiate a restitution amount."). In short, there is no evidence at all that J.G. ever possessed the items listed in his letter, let alone that the alleged items were lost or damaged as a result of Ms. Benally's offense of conviction. And even if there was evidence of possession and loss because of Ms. Benally's conduct, the claims and property valuations in J.G.'s letter are unsubstantiated, speculative, and lack any indicia of reliability. J.G. merely offers blanket figures without explanation or documentation. The letter cannot form a basis for a restitution amount.

WHEREFORE, for the foregoing reasons, Ms. Benally respectfully requests that the Court sustain her objections as argued herein, and for other such relief as the Court may deem just and proper.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed September 21, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Frederick Mendenhall III, Assistant United States Attorney.

*Electronically filed September 21, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender